STATE OF MINNESOTA                                IN DISTRICT COURT

COUNTY OF HENNEPIN                                FOURTH JUDICIAL DISTRICT

Angelica F. Dragon and                    Court File No.
Gary L. Dragon, her husband,              Case Type: Medical Negligence

    Plaintiffs,

                                    **SUMMONS**

vs.

Wendy S. Shear, M.D.,
Nancy L. Hassinger, M.D.,
Duluth Clinic, Ltd.,
St. Mary's Medical Center of Duluth, and
St. Mary's/Duluth Clinic Health System,

    Defendants.

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

| Wendy S. Shear, M.D. | | Wendy S. Shear, M.D. |
| VAMC | or | 12500 Creek Road West |
| 1 Veteran's Drive | | Minnetonka, MN 55305 |
| Minneapolis, MN 55417 | | (residence) |
| (work place) | | |

You are hereby summoned and required to serve upon the Plaintiffs' attorney

Richard E. Bosse
Law Offices of Richard E. Bosse, Chartered
303 Douglas Avenue, P.O. Box 315
Henning, MN 56551

an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of such service. If you fail to do so, Judgment by Default will be taken against you for the relief prayed for in the Complaint.

**EXHIBIT A**

|  |  |
|---|---|
| Dated: 5/1/08 | LAW OFFICES OF RICHARD E. BOSSE, CHARTERED<br><br>By _____<br>Richard E. Bosse (#0245501)<br>Attorney for Plaintiffs<br>303 Douglas Avenue<br>P.O. Box 315<br>Henning, MN 56551<br>(218) 583-4342 |

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Angelica F. Dragon and
Gary L. Dragon, her husband,

    Plaintiffs,

vs.

Wendy S. Shear, M.D.,
Nancy L. Hassinger, M.D.,
Duluth Clinic, Ltd.,
St. Mary's Medical Center of Duluth, and
St. Mary's/Duluth Clinic Health System,

    Defendants.

Court File No.
Case Type: Medical Negligence

**COMPLAINT**

COMES NOW the Plaintiffs, **Angelica F. Dragon**, and her husband, **Gary L. Dragon**, by and through their undersigned attorney and sue the Defendants, **Wendy S. Shear, M.D., Nancy L. Hassinger, M.D., Duluth Clinic, Ltd., St. Mary's Medical Center of Duluth, and St. Mary's/Duluth Clinic Health System**, jointly and severally and say:

## FIRST CAUSE OF ACTION

I.

This is a cause of action for damages in excess of Fifty Thousand ($50,000.00) Dollars.

II.

The Plaintiff, **Angelica F. Dragon**, is a resident of the City of Littlefork, County of Koochiching, State of Minnesota.

III.

The Plaintiff, **Gary L. Dragon**, is a resident of the City of Littlefork, County of Koochiching, State of Minnesota.

IV.

The Defendant, **Wendy S. Shear, M.D.**, is a resident of the City of Minnetonka, County of Hennepin, State of Minnesota.

V.

The Defendant, **Nancy L. Hassinger, M.D.**, is a resident of the City of Duluth, County of St. Louis, State of Minnesota.

VI.

The Defendant, **Duluth Clinic, Ltd.**, is a corporation organized and existing under the laws of the State of Minnesota and engaged in providing medical services and hospital facilities to the public at large and to the Plaintiff **Angelica F. Dragon**, in the City of Duluth, County of St. Louis, State of Minnesota.

VII.

The Defendant, **St. Mary's Medical Center of Duluth**, is a corporation organized and existing under the laws of the State of Minnesota and engaged in providing medical services and hospital facilities to the public at large and to the Plaintiff **Angelica F. Dragon**, in the City of Duluth, County of St. Louis, State of Minnesota.

VIII.

The Defendant, **St. Mary's/Duluth Clinic Health System,** is a corporation organized and existing under the laws of the State of Minnesota and engaged in providing medical services and hospital facilities to the public at large and to the Plaintiff **Angelica F. Dragon**, in the City of Duluth, County of St. Louis, State of Minnesota.

IX.

That upon information and belief, at all times material herein, the Defendant, **Nancy L. Hassinger, M.D.,** was an agent and/or employee of the Defendant, **Duluth Clinic, Ltd.**

X.

That upon information and belief, at all times material herein, the Defendant, **Nancy L. Hassinger, M.D.,** was an agent and/or employee of the Defendant, **St. Mary's Medical Center of Duluth.**

XI.

That upon information and belief, at all times material herein, the Defendant, **Nancy L. Hassinger, M.D.,** was an agent and/or employee of the Defendant, **St. Mary's/Duluth Clinic Health System.**

XII.

That at all times material herein, the Defendants, **Wendy S. Shear, M.D.,** and **Nancy L. Hassinger, M.D.,** were and still are physicians and surgeons duly licensed to practice under the laws of the State of Minnesota.

3

XIII.

That at all times material herein, the Defendants, **Wendy S. Shear, M.D.**, and **Nancy L. Hassinger, M.D.**, held themselves out to the public in general and the Plaintiff, **Angelica F. Dragon**, in particular as being specialists in cardiac intervention possessed of a high degree of knowledge concerning such specialty.

XIV.

That on May 5, 2004 the Plaintiff, **Angelica F. Dragon**, consulted with the Defendant, **Wendy S. Shear, M.D.**, for an evaluation of chest pains. The Plaintiff, **Angelica F. Dragon**, was diagnosed as suffering from angina and the Defendant, **Wendy S. Shear, M.D.**, recommended a invasive procedure known as cardiac catheterization.

XV.

That on May 5, 2004 the Defendant, **Wendy S. Shear, M.D.**, performed the procedure known as a cardiac catheterization with stent placement on the Plaintiff, **Angelica F. Dragon**. The Defendant, **Wendy S. Shear, M.D.**, negligently failed to exercise that degree of skill and care customarily exercised by similarly trained physicians under like circumstances in that:

    a) The Plaintiff, **Angelica F. Dragon**, was not an appropriate candidate for such procedure; and/or

    b) Proper and appropriate diagnostic tests and studies were not performed before such procedure or were deficient; and/or

    c) In the course of said procedure, the Defendant, **Wendy S. Shear, M.D.**, injured and traumatized the iliac artery producing a non-intended pseudoaneurysm and puncture or hole in the same;

    d)    In the course of such procedure, the Defendant, **Wendy S. Shear, M.D.**, caused a hemorrhage in the iliac artery by the pseudoaneurysm and puncture described above;

    e)    The Defendant, **Wendy S. Shear, M.D.**, failed to recognize and observe such pseudoaneurysm and puncture;

    f)    The Defendant, **Wendy S. Shear, M.D.**, failed to recognize such hemorrhage during the procedure and after completing the procedure and failed to treat the same in light of the diagnostic tests evidencing the same;

    g)    The Defendant, **Wendy S. Shear, M.D.**, failed to promptly provide reparative procedures; and

    h)    The Defendant, **Wendy S. Shear, M.D.**, discharged the Plaintiff, **Angelica F. Dragon**, on May 7, 2004 without investigation and recognizing the hemorrhage and taking reparative courses.

## XVI.

That the actions or omissions of the Defendant, **Wendy S. Shear, M.D.**, were below the standard of care for similarly trained physicians and health care providers.

## XVII.

That as a direct and proximate result of the negligence of the Defendant, **Wendy S. Shear, M.D.**, and her deviation from the standard of care, the Plaintiff, **Angelica F. Dragon**, has suffered severe and permanent injuries to her body and mind and has undergone numerous procedures which include but are not limited to:

    a)    Subsequent cardiac catheterization performed by Defendant, **Nancy L. Hassinger, M.D.**, St. Mary's Medical Center of Duluth on May 13, 2004;

b) Emergency repair of a pseudoaneurysm of the right external iliac artery performed by Subba Reddy Konda, M.D., on May 14, 2004 at St. Mary's Medical Center of Duluth with repair of two holes in the right external iliac artery;

c) A second surgery on May 14, 2004 by Christopher DeMaioribus, M.D., which was exploratory laparotomy with a repair of the left external iliac artery puncture site and a decompression of a massive left retroperitoneal hematoma;

d) Retroperitoneal bleed;

e) Retroperitoneal hematoma;

f) Two punctures of the right external iliac artery;

g) Homodynamic instability and right groin exploration;

h) Left external iliac puncture;

i) Abdominal compartment syndrome;

j) Hemorrhagic shock;

k) Catheter placement;

l) Intubation;

m) Prolonged ventilated dependence;

n) Pneumonia;

o) Failed stent placement; and

p) Other injuries, insults and maladies.

XVIII.

That the Defendant, **Wendy S. Shear, M.D.**, negligently and carelessly failed to exercise that degree of skill and care customarily exercised by similarly trained physicians, agents and employees under like circumstances in that:

6

a)  She failed to diagnose and ascertain the aforementioned injuries and to remedy promptly and properly their unskilled performance by proper procedure and post-procedure examination and treatment of the Plaintiff, **Angelica F. Dragon**; and

b)  Furthermore, she failed to fulfill the duties expected of specialists and failed to achieve satisfactory results in that the Plaintiff's, **Angelica F. Dragon**, underlying condition was not cured as a result of the procedure and post-procedure treatment but instead was aggravated thereby and her actions created a new set of medical conditions.

XIX.

That the Defendant, **Wendy S. Shear, M.D.**, failed to advise the Plaintiff, **Angelica F. Dragon**, prior to the procedure of the risks involved in and the serious consequences attended to such procedures.

XX.

That on May 13, 2004 the Plaintiff, **Angelica F. Dragon**, presented to the Defendant, **St. Mary's Medical Center of Duluth**, and the Defendant, **Nancy L. Hassinger, M.D.**, for chest pain.

XXI.

That the Defendant, **Nancy L. Hassinger, M.D.**, recommended another cardiac catheterization and on May 13, 2004 the Defendant, **Nancy L. Hassinger, M.D.**, performed such surgical procedure on the Plaintiff, **Angelica F. Dragon**. The Defendant, **Nancy L. Hassinger, M.D.**, and the agents and employees of the Defendants, **Duluth Clinic, Ltd., St. Mary's Medical Center of Duluth**, and **St. Mary's/Duluth Clinic Health System**, negligently failed to exercise that degree and skill of care customarily exercised by similarly trained physicians,

7

agents and employees under like circumstances in that:

    a) The Plaintiff, **Angelica F. Dragon**, was not an appropriate candidate for such procedure; and/or

    b) Proper and appropriate diagnostic tests and studies were not performed before such procedure or were deficient; and/or

    c) In the course of such procedure the Defendants injured and traumatized the left iliac artery by puncturing the same on numerous occasions and also punctured the right iliac artery on several occasions;

    d) In the course of such procedure, the Defendants caused a hemorrhage in the right and left iliac arteries;

    e) The Defendants failed to recognize and observe such punctures; and

    f) The Defendants failed to promptly provide reparative procedures.

XXII.

That the Defendant, **Nancy L. Hassinger, M.D.**, and the agent and employees of the Defendants, **Duluth Clinic, Ltd., St. Mary's Medical Center of Duluth**, and **St. Mary's/Duluth Clinic Health System**, negligently and carelessly failed to exercise that degree of skill and care customarily exercised by similarly trained physicians, agents and employees under like circumstances in that:

    a) They failed to diagnose and ascertain the afore mentioned injuries and to remedy promptly and properly their unskilled performance by proper procedure and post-procedure examination and treatment of the Plaintiff, **Angelica F. Dragon**; and

    b) Furthermore, they failed to fulfill the duties expected of specialists and failed to achieve satisfactory results in that the Plaintiff, **Angelica F. Dragon**, underlying

8

condition was not cured as a result of the procedure and post-procedure treatment but instead was aggravated thereby and their actions created a new set of medical conditions.

XXIII.

That the Defendant, **Nancy L. Hassinger, M.D.**, and the employees and agents of the Defendants, **Duluth Clinic, Ltd., St. Mary's Medical Center of Duluth**, and **St. Mary's/Duluth Clinic Health System**, failed to advise the Plaintiff, **Angelica F. Dragon**, prior to the procedure of the risks involved in and the serious consequences attended to such procedures.

XXIV.

That as a direct and proximate result of the negligence of the Defendants, **Wendy S. Shear, M.D., Nancy L. Hassinger, M.D., Duluth Clinic, Ltd., St. Mary's Medical Center of Duluth**, and **St. Mary's/Duluth Clinic Health System**, and their deviation from the standard of care, the Plaintiff, **Angelica F. Dragon**, has suffered severe and permanent injuries to her body and mind and has undergone numerous procedures which include but are not limited to:

  a) Emergency repair of a pseudoaneurysm of the right external iliac artery performed by Subba Reddy Konda, M.D., on May 14, 2004 at St. Mary's Medical Center of Duluth with repair of two holes in the right external iliac artery;

  b) A second surgery on May 14, 2004 by Christopher DeMaioribus, M.D., which was exploratory laparotomy with a repair of the left external iliac artery puncture site and a decompression of a massive left retroperitoneal hematoma;

  c) Retroperitoneal bleed;

  d) Retroperitoneal hematoma;

  e) Two punctures of the right external iliac artery;

9


g) Homodynamic instability and right groin exploration;

f) Left external iliac puncture;

g) Abdominal compartment syndrome;

h) Hemorrhagic shock;

i) Catheter placement;

j) Intubation;

k) Prolonged ventilated dependence;

l) Pneumonia;

m) Failed stent placement; and

n) Other injuries, insults and maladies.

## XXV.

That as a direct and proximate cause of the aforesaid described negligence of the Defendants, each and everyone of them, and their deviation from the standard of care, the Plaintiff, **Angelica F. Dragon**, has been obligated to continue extensive medical care and treatment and has been caused to expend considerable sums of money for hospital, medical and nursing care and will be forced in the future to expend additional sums of money for medical care, all to the Plaintiff's further damage in excess of the sums of Fifty Thousand ($50,000.00) Dollars.

## XXVI.

That as a further proximate result of the aforesaid negligence of the Defendants, each and everyone of them, and their deviation from the standard of care, the Plaintiff, **Angelica F. Dragon**, has endured and in the future will endure great pain and suffering. The Plaintiff, **Angelica F. Dragon**, has been incapacitated and compelled to undergo prolonged medical

10

treatment, including hospitalization. The Plaintiff's injuries continue to this date and are permanent in nature. The Plaintiff suffers from emotional and psychological disorders. The injuries to the Plaintiff, **Angelica F. Dragon,** in her mind and body are severe, painful and permanent in their nature; and have caused and will in the future cause great pain and suffering of mind and body, loss of earning capacity and loss of ability to engage in normal and ordinary activities and in the future will incur medical and hospital expenses in an amount which cannot be accurately stated at the present time, but which are estimated to be in excess of Fifty Thousand ($50,000.00) Dollars; and has generally suffered damages in excess of Fifty Thousand ($50,000.00) Dollars.

## SECOND CAUSE OF ACTION

The Plaintiffs, for their second cause of action state:

### XXVII.

Plaintiffs reincorporate paragraphs I through XXVI of this Complaint as though fully set forth herein.

### XXVIII.

That at all times material herewith, the Plaintiff, **Gary L. Dragon,** was and is the husband of the Plaintiff, **Angelica F. Dragon.**

### XXIX.

That as a direct and proximate result of the negligent and careless of the Defendants, each and everyone of them, and their deviation from the standard of care, and the resulting injuries sustained by the Plaintiff, **Angelica F. Dragon,** the Plaintiff, **Gary L. Dragon,** as been caused to incur and will in the future incur medical expenses for the care and treatment of the Plaintiff, **Angelica F. Dragon,** for injuries presently estimated to exceed Fifty Thousand ($50,000.00)

11

Dollars, has suffered the loss of enjoyment and of companionship and the services of the Plaintiff, **Angelica F. Dragon**, and will suffer such losses in the future; has incurred other incidental expenses during the convalescent of the Plaintiff, **Angelica F. Dragon**, and will incur further such expenses in the future, has devoted time, effort and services to the care and rehabilitation of the Plaintiff, **Angelica F. Dragon**, and will be required to do so in the future, all to his damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, each and everyone of them, as follows:

1. For the Plaintiff, **Angelica F. Dragon**, an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs and disbursements; and

2. For the Plaintiff, **Gary L. Dragon**, an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs and disbursements.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand trial by jury of all issues which are so triable.

LAW OFFICES OF RICHARD E. BOSSE, CHARTERED

Dated: 5/1/08

By _____
Richard E. Bosse (#0245501)
303 Douglas Avenue
P.O. Box 315
Henning, MN 56551
(218) 583-4342
Attorney for Plaintiffs

12

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, Subd. 2, to the party against whom the allegations in this pleading are asserted.

_____
Richard E. Bosse

STATE OF MINNESOTA

COUNTY OF HENNEPIN

IN DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Angelica F. Dragon and
Gary L. Dragon, her husband,

Plaintiffs,

vs.

Wendy S. Shear, M.D.,
Nancy L. Hassinger, M.D.,
Duluth Clinic, Ltd.,
St. Mary's Medical Center of Duluth, and
St. Mary's/Duluth Clinic Health System,

Defendants.

Court File No.
Case Type: Medical Negligence

**AFFIDAVIT OF RICHARD E. BOSSE**

STATE OF MINNESOTA  )
                    ) ss
COUNTY OF OTTER TAIL )

Richard E. Bosse, being duly sworn upon oath, states:

1. That I am one of the attorneys of record for Plaintiffs, and am thoroughly familiar with all of the files, records, and proceedings herein.

2. That I have reviewed the facts of this case with a physician whose qualifications provide a reasonable expectation that his/her opinion could be admissible at trial and that, in the opinion of this expert, the Defendants deviated from the applicable standard of care in their care and treatment of the Plaintiffs, and by that deviation caused injury to the Plaintiffs.

FURTHER AFFIANT SAITH NOT.

Dated: 5/1/08

_Richard E. Bosse_

Subscribed and sworn to before me this 1st day of May, 2008.

_Jennifer Johnston_
Notary Public

JENNIFER JOHNSTON
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

2